IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Kenneth J. Bell, | ) | Civil Action No.: 2:20-cv-03813-JMC |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden of Allendale Correctional Institution, | ) | |
| | ) | |
|     Respondent. | ) | |
| | ) | |

Petitioner Kenneth J. Bell initiated this pro se proceeding,[1] seeking immediate relief for alleged ineffective assistance of counsel via a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) This matter is before the court on a Motion for Summary Judgment by Respondent Warden of Allendale Correctional Institution, made pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 9.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to a United States Magistrate Judge for pretrial administration. On May 7, 2021, the Magistrate Judge issued a Report and Recommendation recommending that the court dismiss the action against Respondent with prejudice for lack of prosecution and failure to comply with court orders, pursuant to Rule 41(b) and factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982). (ECF No. 14 at 1.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report

---

[1] "Because he is a pro se litigant, [Petitioner]'s pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for [Petitioner]; the court is not required to recognize [Petitioner]'s claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

1

and Recommendation and dismisses the action against Respondent with prejudice.

## I.     BACKGROUND

On October 30, 2020, Petitioner initiated the instant action against Respondent by filing a Petition for a Writ of Habeas Corpus, which alleged ineffective assistance of counsel on three (3) separate grounds. (*See* ECF No. 1 at 5, 7, 8.) On March 5, 2021, Respondent filed a Motion for Summary Judgment. (ECF No. 9.) On March 8, 2021, the Magistrate Judge entered a *Roseboro* Order advising Petitioner that he had thirty-one (31) days to respond to Respondent's Motion to Dismiss. (ECF No. 10.) Thereafter, the Magistrate Judge issued an order extending the deadline to file a response to Respondent's Motion for Summary Judgment to May 3, 2021, wherein Petitioner was specifically advised that failure to respond would subject the action to dismissal for failure to prosecute and comply with court orders pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 12.) After Petitioner failed to file a response, the Magistrate Judge entered a Report and Recommendation on May 7, 2021, observing that "Petitioner no longer wishes to pursue this action." (ECF No. 14 at 1.)

## II.     LEGAL STANDARD

Although the Magistrate Judge's "limited role . . . substantially assists the district judge in [her] judicial function," the recommendation is just that, a recommendation with no presumptive weight which the district judge is "free to follow [,] wholly . . . ignore" or review. *Matthews v. Weber*, 423 U.S. 261, 271 (1976). This court retains responsibility in final determination. *Id. De novo* review applies only to those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed. Portions which have not been objected to receive review for clear error, which includes portions where only "general and conclusory" objections have been made. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby*

*v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

When reviewing an action for involuntary dismissal, the court must ascertain "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused [to] the defendant, (3) the existence of a 'drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of a sanction less drastic than dismissal." *Chandler Leasing Corp.*, 669 F.2d at 920 (quoting *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978)). The "[f]actors in *Chandler* are not a rigid four prong test." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). Rather, the analysis "depends on the particular circumstances of the case." *Id.*

### III.     ANALYSIS

A.     <u>The Magistrate Judge's Review</u>

The Magistrate Judge's Report and Recommendation summarizes the relevant procedural history and Petitioner's failure to participate in it. As noted below, Petitioner fails to respond to Respondent's Motion for Summary Judgment and associated legal consequences specifically explained in the Magistrate Judge's *Roseboro* and Text Orders. (ECF No. 14.) Noting the *sua sponte* extension of the deadline to file an answer to Respondent's Motion, the *Chandler* factors, and Rule 41(b) of the Federal Rules of Civil Procedure, the Magistrate Judge then recommends that this court dismiss the action with prejudice. (ECF No. 14 at 1.)

B.     <u>The Court's Review</u>

The Magistrate Judge's *Roseboro* order advised Petitioner of his right to file "material in opposition to the motion that respondent filed," that such filing must occur within 31 days of the *Roseboro* order's filing, and that failure to adequately respond gives the court discretion to "end

the case." (ECF No. 10 at 1.) Despite the court's unelicited extension of the filing deadline from April 8 to May 3, 2021, Petitioner did not respond.

The court acknowledges that dismissal with prejudice is a "harsh sanction which should not be invoked lightly." *Davis*, 588 F.2d at 70. This is especially true in the context of habeas corpus proceedings, wherein the court's duty of review derives from a petitioner's foundational right to scrutinize their detention for arbitrary maladministration, constitutional and legal validity, and capricious affront to basic principles of fairness. *See Harris v. Nelson*, 394 U.S. 286, 291–92 (1969) (noting the constitutional and historical gravity of the court's role in light of petitioner's usual handicap in developing needed evidence to support their application for a writ); *see also Price v. Johnston*, 334 U.S. 266, 269 (1948) (emphasizing the importance of the writ and need to protect it from "procedural morass"); *see also Harrington v. Richter*, 562 U.S. 86, 91 (2011) (describing the writ's principal purpose); *see also Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979).

However, absent timely objections to the Magistrate Judge's Report, the court need "only satisfy itself that [the Magistrate's legal conclusions and factual assertions are free from] clear error . . . in order to accept the recommendation." *Diamond*, 416 F.3d at 315 (quoting Rule 72 advisory committee's note to 1983 amendment). After thorough review of the record, and the law, the court concludes that the Report is free from clear error in its procedural recitation and recommendation of dismissal with prejudice. Moreover, Petitioner bears all "personal responsibility" for failure to prosecute his case. *See Chandler Leasing Corp.*, 669 F.2d at 920. Any concern that dismissal with prejudice in the context of habeas proceedings amounts to arbitrary adjudication is alleviated by the court's repeated and explicit admonition via *Roseboro* and Text Orders directing Petitioner to participate in the pursuit of his own freedom, along with

its lenient extension of time to file a response to Respondent's Motion. (*See* ECF Nos. 10, 12.) That *pro se* litigants are accorded more liberal and lenient standards of practice in pleading does not mean that the court must abide inaction, act as advocate, or sacrifice its interest in efficient judicial administration. *See Erickson*, 551 U.S. at 94; *see also Ballard*, 882 F.2d at 95 (recognizing that courts must have the authority to control litigation, including the power to order dismissal of an action for failure to comply with court orders). Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 14), and **DISMISSES WITH PREJUDICE** this habeas proceeding (ECF No. 1) against Respondent for failure to prosecute and follow court orders. Accordingly, the court **DENIES AS MOOT** Respondent's Motion for Summary Judgment. (ECF No. 9.)

### CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable judges would find this court's assessment of his constitutional claim is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debateable. *See, e.g., Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 23, 2021
Columbia, South Carolina